HOUSTON BASEBALL ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43985, 45430.   Promulgated September 21, 1931.

*Walter E. Barton, Esq.*, and *J. L. Block, C. P. A.*, for the petitioner.

*Harold Allen, Esq.*, for the respondent.

72

OPINION.

LOVE: Issue numbered 1 hereinabove has been expressly abandoned by the petitioner and need not be considered.

With respect to the issue numbered 4, the parties have stipulated that $110 is the proper amount allowable as a deduction from gross income in 1926.

Therefore, our considerations may be confined to issues numbered 2 and 3.

Petitioner contends, as set forth in issue numbered 2, that it is entitled to deduct the cost of players' contracts which it purchased prior to each of the taxable years in question and which were sold in said years, irrespective of the fact that such cost had been deducted as ordinary and necessary business expenses in prior years.

The contracts, and in fact the issues presented, are for all practical purposes identical with those involved in the *Dallas Athletic Association*, 8 B. T. A. 1036. There the Board denied petitioner's contention that the costs of such contracts were deductible as ordinary and necessary business expenses and it held, because of the renewal clause in such contracts, giving petitioner or its assignee the right to renew from year to year throughout the professional life of the player, and notwithstanding the initial engagement of the contracting parties was only one year, that the costs thereof were capital expenditures instead. With the nature of these contracts thus defined by the Board, clearly the petitioner is entitled to compute its gain or loss upon the future sale thereof in the same manner as any other capital asset.

The respondent's counsel concedes that " This allowance, as well as allowance for exhaustion, would be proper under the *Dallas Athletic Association* decision, but the petitioner *has already been allowed deduction of the full cost of all Players' contracts purchased in prior years, as current business expenses.*" This we can not concede. The mere fact that an error was committed in prior years, which appears to have been in perfect good faith, does not justify the commission of additional errors. This same state of affairs has been found to exist in innumerable cases heretofore prosecuted before this Board, and we have repeatedly held in accordance with *Gilliam Manufacturing Co.*, 1 B. T. A. 967, wherein we said:

If the amounts expended were actually paid out in acquiring patents, the deduction of such amounts as ordinary and necessary expenses of carrying on a trade or business was not proper. The fact that a taxpayer did deduct such

items or considered them as expenses does not alter the situation. Such treatment was erroneous. The taxpayer has no option to treat expense items as capital or capital expenditures as ordinary and necessary expenses of carrying on a trade or business and had a right, as it did, to change its erroneous accounting methods. The patents, when acquired, formed a part of the capital investment of the taxpayer and the costs thereof were not ordinary and necessary expenses of carrying on its trade or business.

See also *Old Farmers Oil Co.*, 12 B. T. A. 203; *R. S. Newbold & Son Co.*, 7 B. T. A. 471; *Great Bear Spring Co.*, 12 B. T. A. 383; and *Goodell-Pratt Co.*, 3 B. T. A. 30.

We are, therefore, of the opinion that petitioner should be sustained as to the second issue.

The third and final issue for determination is with respect to the exhaustion of players' contracts.

The respondent concedes that normally this issue, too, would be controlled by the *Dallas Athletic Association* case, but he contends, as he did with respect to the preceding issue, that deduction has already been allowed for the full cost of players' contracts as current expenses and therefore no exhaustion should be allowed. For the same reason already given respecting the said preceding issue, we can not concede the respondent's contention. In *Dallas Athletic Association, supra,* we said:

Having concluded that the amounts paid for the contracts represent capital expenditures, can it be said that these contracts were exhausted by the lapse of time? Each contract covered only the playing season the year in which or for which it was made, but was according to its terms renewable by the club or its assignee for the succeeding year. By virtue of the renewal provisions, the rights acquired under each contract extended beyond the year when the contracts were acquired. The ultimate result would have been the same if a single contract had been made with each player for an indefinite or undetermined period, subject to an annual salary adjustment under the conditions stated. While under certain facts and conditions contracts for an indefinite period may in fact become exhausted over a reasonably ascertained or estimated period of time, no evidence has been introduced in this case from which it can be ascertained when the contracts will become exhausted for the purpose of determining the allowance with respect thereto. The determination of the respondent must, therefore, be approved.

The evidence found missing there has been supplied here by the stipulation of the parties by which they have not only agreed that the exhaustion of such contracts should be calculated upon the basis of the useful playing life of a professional baseball player of 10 years, but they have actually determined and stipulated the amounts deductible in each of the taxable years in question. We are of the opinion, therefore, that this issue should also be resolved in favor of the petitioner.

*Decision will be entered under Rule 50.*